# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEAH JIMMIE, JOSETTE HALECHKO, LEWIS BOWERS,** and **JANICE SLATER**, by and through their next friend, Carl Mosier; **RONALD PEARSON** and **WILLIAM SACKS**, by and through their next friend, Connie Hammann; and **EDWARD NAUSS** and **BENJAMIN PERRICK**, by and through their next friend, Akhnaton Browne; on behalf of themselves and all others similarly situated, : **Plaintiffs** : v. : **DEPARTMENT OF PUBLIC WELFARE OF THE COMMONWEALTH OF PENNSYLVANIA** and **ESTELLE B. RICHMAN**, in her official capacity as Secretary of Public Welfare of the Commonwealth of Pennsylvania, : **Defendants** : | CIVIL ACTION NO. 3:09-CV-1112 (Judge Conner) |

## ORDER

AND NOW, this 2nd day of December, 2010, upon consideration of Plaintiffs' Unopposed Motion (Doc. 50) for Attorneys' Fees, Litigation Expenses, and Costs, it is hereby ORDERED as follow:

1. Plaintiffs' Motion is GRANTED.

1

2. Plaintiffs' counsel are awarded the sum of $210,000 for attorneys' fees, litigation expenses, and costs incurred through the final approval of the Settlement Agreement in this matter, which shall be paid to the Disability Rights Network of Pennsylvania on or before January 31, 2011.

3. In accordance with Rule 23(h)(3), the Court makes the following findings of fact in support of its award of attorneys' fees, litigation expenses, and costs:

a. Plaintiffs and the Class have entered into a comprehensive Settlement Agreement (Agreement) with the Defendants. The Agreement obligates the Defendants to take concrete steps to benefit Plaintiffs and the Class, including, *inter alia*: (1) identifying individuals with mental retardation in state psychiatric hospitals; (2) seeking funding to discharge those state hospital residents with dual diagnoses of mental illness and mental retardation (dual diagnoses) to appropriate community placements with necessary mental health and mental retar-dation services over a three-year period; (3) implementing discharge procedures that facilitate the success of the individuals' transitions to the community; (4) implementing a comprehensive Protocol -- monitored by an independent contractor -- based on the Integrative Mental Health Treatment Model to provide treatment to state hospital residents with dual diagnosis and that prescribes how assessments, treatment, and discipline of such individuals will be implemented; (5) requiring staff to undergo extensive training in these new

2

treatment and assessment methods; and (6) establishing a Statewide Task Force to review the provision of community services to individuals with dual diagnoses to identify gaps in services and to make recommendations for necessary changes.

    b.      Following a fairness hearing on December 1, 2010, the Court approved the Settlement Agreement as fair, reasonable, and adequate in accordance with Rule 23(e).

    c.      The Court's Order that approved the Settlement Agreement incorporates the Agreement by reference and retains continuing jurisdiction over the case for purposes of interpretation and enforcement of the Agreement.

    d.      Paragraph VIII.8 of the Agreement provides that the Defendants will pay a total of $210,000 for Plaintiffs' attorneys' fees, litigation expenses, and costs through the date of final approval of the Agreement.

    e.      In accordance with the Court's Order dated September 2, 2010, the parties distributed personal notice to class members. This notice informed the Class, *inter alia*, that the Agreement provides for the payment of $210,000 by Defendants to Plaintiffs' counsel, subject to approval of the Court.

    f.      Plaintiffs' counsel submitted detailed, contemporaneously-maintained time records that reflect an aggregate lodestar of $214,670.50 broken down follows:

3

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Robert W. Meek | 251.31 | $450 | $113,089.50 |
| Mark J. Murphy | 23.00 | $425 | $  9,775.00 |
| Robin Resnick | 222.45 | $380 | $ 84,531.00 |
| Carol Horowitz | 24.25 | $300 | $  7,275.00 |

  g. Plaintiffs' counsel's time includes: (1) investigating, researching, and drafting the Complaint; (2) briefing a class certification motion and briefing and argument of Defendants' motion to dismiss; (3) substantial discovery; (4) identifying and working with experts; and (5) months of settlement negoti-ations. Counsel exercised proper billing judgment.

  h. Plaintiffs' counsel have between 13 and 32 years of experience, almost exclusively in the area of federal disabilities law.

  i. Messrs. Meek's and Murphy's and Ms. Resnick's rates are in accord with prevailing rates in the Philadelphia legal market where they maintain their practice and Ms. Horowitz's rate accords with prevailing rates in the Pittsburgh legal market where she maintains her practice. *See A Nationwide Samp-ling of Law Firm Billing Rates*, 32 Nat'l L.J. 15 (Dec. 7, 2009).

k.      This class action lawsuit required expertise of counsel from the Disability Rights Network of Pennsylvania (DRN), who have knowledge about the unique treatment needs of people with dual diagnoses of mental illness and mental retardation and Pennsylvania's mental health and mental retardation service system. DRN attorneys also have extensive experience litigating issues under the integration mandates of the Americans with Disabilities Act (ADA) and Rehabilitation Act, and the Constitution, including the leading cases in this Circuit concerning the ADA's and RA's integration mandates. In addition, it is unlikely that any Harrisburg-area attorneys would be willing to litigate this case.

l.      Several courts previously approved the then-current rates of Plaintiffs' counsel.

m.      Plaintiffs also incurred litigation expenses and costs totaling $52,967.19, including the filing fee, expert witness fees, travel, and photocopying. These costs are reasonable given the nature of this case.

n.      The $210,000 award that Plaintiffs' counsel requests is only 78.5 percent of their attorneys' fees, litigation expenses, and costs.

4.      In accordance with Rule 23(h)(3), the Court bases its award of attorneys' fees, litigation expenses, and costs on the following conclusions of law:

a.      The ADA, 42 U.S.C. § 12205, the RA, 29 U.S.C. § 794a(b), and the Civil Rights Attorneys' Fee Award Act (Section 1988), 42 U.S.C. § 1988(b), authorize the payment of attorneys' fees to a prevailing party who files a case

to enforce those statutes. Although these fee-shifting statutes refer to the court's discretion to award fees to a prevailing party, "'it is well-established that a prevailing party should recover an award of attorney's fees absent special circumstances.'" *Truesdell v. Philadelphia Housing Authority*, 290 F.3d 159, 163 (3d Cir. 2002) (citation omitted).

  b. "'The touchstone of the prevailing party inquiry must be the *material alteration of the legal relationship of the parties*.'" *Truesdell*, 290 F.3d at 163 (emphasis in original). When a court approves a settlement agreement and retains jurisdiction, there is a judicially-sanctioned material alteration in the legal relationship of the parties sufficient to confer prevailing party status on the plaintiff under fee-shifting statutes, such as the ADA, RA, and Section 1988. *Id.* at 164, 165.

  c. Plaintiffs are the prevailing parties in this case since the Agreement that resolved this case effected a material alteration in the legal relationship between the Plaintiffs and Defendants. The Agreement requires Defendants to take concrete steps -- that they would not otherwise be obligated to take -- to fundamentally and systemically reform the provision of services to individuals with dual diagnoses in state psychiatric hospitals, to seek funding for necessary community services for those individuals, to improve the discharge planning process to assure successful transitions from the hospitals to community placements, and to identify gaps in community services for persons with dual diagnoses so they can be remedied. The

Agreement was approved by the Court and was incorporated in a Court Order. Under the Agreement and the Order, the Court will retain jurisdiction for purposes of interpretation and enforcement of the Agreement. Thus, the Settlement Agreement has the judicial involvement and imprimatur necessary to confer prevailing party status on the Plaintiffs.

    d.    "Reasonable attorneys' fees are the product of the hours reasonably expended and the applicable hourly rate for the legal services," which is known as the "lodestar." *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995); *accord Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).

    e.    The approximately 521 hours spent by Plaintiffs' counsel in this vigorously contested lawsuit were reasonable.

    f.    Plaintiffs' counsel's use of their current hourly rates is appropriate. *See Lanni v. State of New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001).

    g.    In assessing the reasonableness of Plaintiffs' counsel's hourly rates, a court "'should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Maldonado v. Houstoun*, 256 F.3d at 184.

h. Plaintiffs' counsel's rates are reasonable as they are an accurate reflection of their skill and experience as well as prevailing rates in the legal communities in which they practice.

i. It is appropriate to look to the legal markets where Plaintiffs' counsel maintain their practice, rather than the Harrisburg market, where this case was litigated, to assess the reasonableness of counsel's rates since: this case was a statewide class action that involved the rights of class members from throughout the Commonwealth and could have been filed in any federal court in Pennsylvania; this case required the expertise of DRN attorneys; and it is unlikely that local counsel would be willing to take on this case.

j. Since the time spent by Plaintiffs' counsel and their hourly rates are reasonable, their aggregate lodestar of $214,670.50 is also reasonable.

k. The ADA allows prevailing parties to recover "litigation expenses" -- which includes expert fees, travel, and other expenses -- as well as "costs" compensable under 28 U.S.C § 1920. 42 U.S.C. ' 12205. *See Lovell v. Chandler*, 303 F.3d 1039, 1058-59 (9th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003); *Kratzer v. Wegman's Restaurant, LLP*, Civil Action No. 04-05889, 2005 WL 2847320 at *2-*3 (E.D. Pa. Oct. 27, 2005); H. Rep. No. 101-485, pt. 2, at 140 (1990), *reprinted in* 1990 U.S.C.C.A.N. 267, 423. Accordingly, Plaintiffs' counsel are entitled to recover the $52,967.19 they spent on litigation expenses and costs.

l. Plaintiffs' counsel's attorneys' fees, litigation expenses, and costs total $267,637.69. This sum is reasonable. Accordingly, the lesser sum of $210,000 that Plaintiffs seek and that the Court approves is likewise reasonable.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge